UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FELIX ESTRELLA,

    Plaintiff,

vs.

DR. GARCIA,

    Defendant.

Case No. 1:11 cv 01340 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.**      <u>**Screening Requirement**</u>

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison in Delano, brings this civil rights action against Defendant Dr. Garica, DDS, a dentist employed by CDCR at Kern Valley. Plaintiff claims that he was subjected to inadequate dental care such that it violated the Eighth Amendment prohibition on cruel and unusual punishment.

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate

indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that on December 30, 2010, he advised the building officer that his front tooth was loose and that he was in severe pain. The building officer, C/O Breckner, called the dental clinic and was told that Plaintiff would be seen the same day. Plaintiff was not seen by anybody until the next day, when C/O Breckner "helped put in a medical request." Plaintiff was seen by a Licensed Vocational Nurse (LVN). The LVN called the dental clinic. The LVN was told that "the clinic" refused to prescribe pain medication. Plaintiff was not called to the dental clinic until January 2, 2011.

On January 2, 2011, Dr. Garcia examined Plaintiff. On January 12, 2011, Dr. Garcia "finally gave some treatment but actually pulled out the wrong tooth that was next to the infected area and left the infected tooth in place." Plaintiff complained to Dr. Garcia about the "wrongful extraction." Dr. Garcia "angrily stated he took out the tooth because the gum was swollen and the tooth would eventually have to come out."

Plaintiff alleges that he was unable to eat properly and continues to suffer from pain days after receiving inadequate treatment. Plaintiff alleges that there has been no follow up care and that he has requested implants or dentures in order to be able to "function properly while eating." Plaintiff alleges that he is "not able to obtain or sustain proper nutrition and health."

Plaintiff attaches as an exhibit a copy of a response to Plaintiff's inmate grievance filed regarding the extraction. The response is dated February 24, 2011, and titled "Confidential Supplement to Appeal "Appeal Inquiry." The assigned reviewer was H. Liu, DDS, Supervising Dentist. Although the title of the response indicates it is not for inmate distribution, Plaintiff attaches it as an exhibit to the complaint. Dr. Liu's conclusion follows:

3

> The review of the UHR documentation indicates that Dr. Garcia examined tooth #8 and was to extract tooth #8. Dr. Garcia obtained written consent to extract tooth #8. Dr. Garcia recorded he extracted tooth #8 from Estrada when in fact #7 was extracted. There is no documentation concerning any pathology or planned treatment for tooth #7 before the extraction. There is no supporting evidence that tooth #7 needed to be extracted. There is no evidence that Estrada gave permission to extract tooth #7.
>
> My conclusion is that Dr. Garcia may have extracted the wrong tooth. From the evidence reviewed, I conclude that Further Administrative Action is warranted.

The Court finds that, liberally construed, Plaintiff 's complaint supports a claim for negligence, at most. The facts alleged indicate that Dr. Garcia extracted the wrong tooth, but there are no facts alleged indicating such conduct was intentional, or anything more than negligence. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff has not alleged facts that support his conclusory allegation that there has been no follow up care. Plaintiff has not alleged that tooth #8 was not eventually extracted, or that he presented to Dr. Garcia with a specific condition, and Dr. Garcia acted with deliberate indifference to that condition. Plaintiff must allege specific facts to support his vague conclusion that he is not getting follow up care.

## III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 18, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE