UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESTRELLA,<br><br>       Plaintiff,<br><br>   vs.<br><br>DR. GARCIA,<br><br>       Defendant. | 1:11-cv-01340-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 13.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.     BACKGROUND**

Felix Estrella ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this case on August 12, 2011.  (Doc. 1.)

On August 24, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on November 19, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On December 9, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 13.)

## II.  SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff was incarcerated at Kern Valley State Prison in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), at the time the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as sole defendant Dr. Garcia (dentist) ("Defendant"). Plaintiff's allegations follow, in their entirety:

> On December 30, 2010, Plaintiff advised the Building Officer that his front tooth was loose and that Plaintiff was in severe pain. The officer, C/O Brecker called the dental clinic at the Kern Valley Prison and told them of Plaintiff's condition and . . . Plaintiff would be seen the same day. Plaintiff was not seen by anyone until the next day, when C/O Brecker helped put in a medical slip request. Plaintiff was seen by a License Vocational Nurse (LVN). The LVN called the dental clinic. The LVN was told that the Clinic refused to prescribe pain medication. Plaintiff was not called to the dental clinic until January 2, 2011. On January 12, 2011, Defendant Dr. Garcia finally gave Plaintiff treatment, but pulled the wrong tooth and left the infected tooth in.

(First Amended Complaint at 3 ¶IV).  Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

### A. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the

prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state an Eighth Amendment medical claim against Defendant Dr. Garcia or any other named prison official, because he fails to allege facts showing deliberate indifference. While Plaintiff has shown that he had serious medical needs, he has not shown that anyone acted against him or failed to act, knowing of and deliberately disregarding a substantial risk to his health. At most, Plaintiff states a claim for negligence or medical malpractice, which is a state tort claim. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint, and therefore, Plaintiff's claim fails.

## V.   CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any Defendant. In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court. Plaintiff was advised in the court's prior screening order that "[t]he facts alleged indicate that Dr. Garcia extracted the wrong tooth, but there are no facts alleged indicating such conduct was intentional, or anything more than negligence. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, 'the indifference to his medical needs must be substantial. Mere "indifference," "negligence," or "medical malpractice" will not support this cause of action.' Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06)." (Order, Doc. 12 at 4:8-14.) Nonetheless, Plaintiff fails to state a cognizable Eighth Amendment medical claim in the First Amended Complaint.

Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The court finds that the deficiencies outlined above are not

///

capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

  Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

 Dated: **June 19, 2014**    **/s/ Gary S. Austin**
             UNITED STATES MAGISTRATE JUDGE